IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                                    Plaintiff                                  23-CV

    -v-

THE PREMISES, BUILDINGS, APPURTENANCES,
IMPROVEMENTS, AND REAL PROPERTY
LOCATED AT 7122 LARRY COURT, NORTH
TONAWANDA, NEW YORK, AND MORE
FULLY DESCRIBED IN A DEED RECORDED IN
THE NIAGARA COUNTY, NEW YORK CLERK'S
OFFICE ON MAY 23, 2013 UNDER INSTRUMENT
NO. 2013-09843,

                                    Defendant.

---

**VERIFIED COMPLAINT FOR FORFEITURE**

        The United States of America, by its attorneys, Trini E. Ross, United States Attorney for the Western District of New York, Melanie J. Bailey, Assistant United States Attorney, of counsel, for its verified complaint herein alleges as follows:

    1.    This is an action *in rem* for the forfeiture of:

        The Premises, Buildings, Appurtenances, Improvements, and Real Property located at 7122 Larry Court, North Tonawanda, New York, and More Fully Described in a Deed Recorded in the Niagara County, New York Clerk's Office on May 23, 2013 under Instrument No. 2013-0984, a copy of which is attached hereto as Exhibit A (hereinafter the "defendant real property").

    2.    The defendant real property is subject to forfeiture pursuant to Title 21, United States Code, Section 881(a)(6), and Title 19, United States Code, Section 1621, as property of value traceable to proceeds furnished by any person in exchange for a controlled substance in violation of Title 21, United States Code, Section 846 (narcotics conspiracy); Title 21,

United States Code, Section 841(a)(1) (possession with intent to distribute and distribution of narcotics); and Title 21, United States Code, Section 844(a) (possession of a controlled substance).  The defendant real property is also subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(A) and Title 19, United States Code, Section 1621, as property involved in money laundering transactions or traceable to such property.

## JURISDICTION AND VENUE

3.The jurisdiction of this Court is invoked pursuant to Title 28, United States Code, Sections 1345, 1355, and 1395.   Venue is properly premised in the Western District of New York pursuant to Title 28, United States Code, Section 1395. The defendant real property is located in the Western District of New York.

## FACTS

4.The facts and circumstances supporting the forfeiture of the defendant property is contained in the Affidavit of Task Force Officer Stephanie L. Gerwel, a copy of which is attached hereto as Exhibit 1 and incorporated as though fully set forth herein, and has been provided to the Court with an application that it remain under seal until further Order of the Court.

## CONCLUSION AND REQUESTS FOR RELIEF

5.The government submits that the defendant real property is subject to forfeiture to the United States of America pursuant to Title 21, United States Code, Section 881(a)(6), and Title 19, United States Code, Section 1621 as property of value traceable to proceeds

furnished by any person in exchange for a controlled substance in violation of Title 21, United States Code, Section 846 (narcotics conspiracy); Title 21, United States Code, Section 841(a)(1) (possession with intent to distribute and distribution of narcotics); and Title 21, United States Code, Section 844(a) (possession of a controlled substance). The defendant real property is also subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(A) and Title 19, United States Code, Section 1621 as property involved in money laundering transactions or property traceable to such property.

  **WHEREFORE**, the United States of America respectfully requests that:

(1)   a Notice of Complaint for Forfeiture against real property be issued for the defendant real property;

(2)   notice of this action be given to all persons known or thought to have an interest in or right against the defendant real property;

(3)   a judgment be entered declaring the defendant real property condemned and forfeited to the United States of America for disposition in accordance with the law;

(4)   the costs of this suit be paid to and recovered by the United States of America; and

(5)   the Court grant such other and further relief as deemed just and proper.

DATED:   October 6, 2023 at Buffalo, New York

        TRINI E. ROSS
        United States Attorney

    BY:   s/MELANIE J. BAILEY
        Assistant U.S. Attorney
        United States Attorney's Office
        Western District of New York
        138 Delaware Avenue
        Buffalo, New York 14202
        716-843-5863

STATE OF NEW YORK )
COUNTY OF ERIE ) ss.:
CITY OF BUFFALO )

    I, Task Force Officer Stephanie L. Gerwel, being duly sworn, deposes and says:

    I am a Task Force Officer of the Drug Enforcement Administration (DEA) assigned to Buffalo, New York. I am assigned to the investigation of the defendant real property located at 7122 Larry Court, North Tonawanda, New York. The facts alleged in the Verified Complaint for Forfeiture are true to the best of my knowledge and belief and were obtained during the course of the investigation of the defendant real property from the official files of DEA and provided to the officials of the United States Department of Justice, United States Attorney's Office.

                                                *s/Stephanie L. Gerwel*
                                                STEPHANIE L. GERWEL
                                                Task Force Officer
                                                Drug Enforcement Administration

Subscribed and sworn to
before me this 6th day of October, 2023.

*s/Amy B. Wiltse*
Amy B. Wiltse

Notary Public, State of New York
Qualified in Niagara County
Commission Expires 3/17/2027

4