IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                Plaintiff,              23-CV-1059-EAW

    -v-

THE PREMISES, BUILDINGS, APPURTENANCES,
IMPROVEMENTS, AND REAL PROPERTY
LOCATED AT 7122 LARRY COURT, NORTH
TONAWANDA, NEW YORK, AND MORE
FULLY DESCRIBED IN A DEED RECORDED IN
THE NIAGARA COUNTY, NEW YORK CLERK'S
OFFICE ON MAY 23, 2013 UNDER INSTRUMENT
NO. 2013-09843,

                Defendant.

---

**RESTRAINING ORDER**

Upon consideration of the Motion of the United States for a Post-Complaint Restraining Order, and pursuant to Title 18, United States Code, Section 983(j)(l)(A), the Court finds and rules as follows:

On October 6, 2023, the United States filed a Verified Complaint for Forfeiture *in rem*, alleging that:

> The Premises and Real Property with All Buildings, Appurtenances, and Improvements, located at 7122 Larry Court, North Tonawanda, New York, and more fully described in a deed recorded in the Niagara County, New York Clerk's Office on May 23, 2013 under Instrument No. 2013-09843

(hereinafter referred to as "the defendant property") is subject to forfeiture pursuant to Title 21, United States Code, Section 881(a)(6), Title 18, United States Code, Section 981(a)(1)(A), and Title 19, United States Code, Section 1621.

The United States has moved for a restraining order pursuant to Title 18, United States Code, Section 983(j)(l)(A), to preserve the *status quo,* preserve the availability of the defendant property and to prevent the owners of the defendant property and all other persons with notice of this Order from damaging, removing, transferring, dissipating, alienating, encumbering, or otherwise disposing of the defendant property.

The government and the claimants have agreed to the entry of a Restraining Order under Title 18, United States Code, Section 983(j)(1)(A).

It is hereby ORDERED that this Restraining Order be issued with respect to the defendant property.

It is further ORDERED that the owners of the defendant property, their agents, servants, employees, attorneys, family members, all other persons in active concert or participation with them, and those persons, financial institutions, or other entities who have any possession, interest or control over the defendant property, shall not, without prior approval of this Court, upon notice to the United States and an opportunity for the United States to be heard:

   a.   damage, devalue, alienate, dissipate, transfer, sell, assign, lease, pledge, encumber, or dispose of the defendant property or fixtures within, in any manner, directly or indirectly;

   b.   cause the defendant property or fixtures within to be damaged, devalued, alienated, dissipated, transferred, sold, assigned, leased, pledged, encumbered, or disposed of in any manner;

   c.   take, or cause to be taken, any action which could have the effect of concealing

      the defendant property, removing the defendant property from the jurisdiction of this Court, or damaging, depreciating, or diminishing the value of, the defendant property; or

d.     engage in any illegal activity at the defendant property or knowingly allow any illegal activity to occur at the defendant property during the pendency of this civil forfeiture action.

It is further ORDERED that if the defendant property or fixtures within the defendant property have been transferred or disposed of by any means, the owners of the defendant property shall account to the Court for the disposition and location of the defendant property. Further, this Order applies with equal force and effect to restrain the transfer or dissipation of any proceeds from the defendant property.

It is further ORDERED that any financial institutions holding liens or mortgages on the defendant property shall respond promptly to requests by the United States for information on said liens or mortgages current status.

The United States, or its agents, shall serve this Order upon the owners of the defendant real property and their respective attorneys, and any current residents of the defendant property, and shall provide due notice of the Order to the other persons and entities subject to the Order.

It is further ORDERED that such persons and entities, upon receipt of such notice, shall fully comply with the terms of this Order immediately upon such receipt.

This Order shall remain in effect until further order of the Court.

**APPROVED AND SO ORDERED:**

DATED: March 26, 2024, at Rochester, New York.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court